**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-14047-CANNON/MAYNARD**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**EDITH MILAGROS TARAZONA-BRAVO,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change her plea in this criminal case on October 1, 2025. The Defendant indicated to me that she was able to understand what was being said to her throughout the hearing.

2. At the hearing's outset, I advised the Defendant of her right to have the District Judge assigned to this case conduct this proceeding. I advised the Defendant that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that she did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on

the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is no written plea agreement in this case. Therefore, I read the Indictment to the Defendant. The Defendant pleaded guilty to the sole count of the Indictment. The Indictment charges the Defendant with being an alien who was previously removed from the United States on or about April 4, 2001; who later returned to the United States knowingly and unlawfully; who was found back in the United States without the express consent of the Attorney General of the United States or her successor, the Secretary of Homeland Security (6 U.S.C. §§ 202(3), 202(4), and 557), to her reapplying for admission into the United States; in violation of 8 U.S.C. § 1326(a) and (b)(1). DE 17.

5. The maximum statutory penalties were announced on the record. The Defendant acknowledged her understanding of the maximum statutory penalties that could be imposed against her in this case. I advised the Defendant of the possibility of the Defendant's deportation after sentencing as an additional consequence of her guilty plea. The Defendant acknowledged that she and her attorney have discussed her possible deportation as a result of this offense.

6. The parties submitted a written Stipulation of Facts and Acknowledgment of Offense Elements in Support of Guilty Plea ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. DE __. The Stipulation was read into the record. The Defendant acknowledged that she signed the Stipulation, understands it, and has had the opportunity to fully discuss it with her attorney. The Defendant agreed that the Stipulation is true and correct and accurately sets forth the facts in her case as she understands them to be. I

find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

7. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters her guilty plea freely and voluntarily. I accept her guilty plea and recommend to the District Court that it adjudicate her guilty of the offense charged in the Indictment.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's guilty plea to the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which she pleads guilty; and that a Sentencing Hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), the failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 1st day of October, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE